NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHERMAN TERRELL PRUITT, | No. 17-15451 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-02357-DJH |
| v. | |
| CHARLES L. RYAN, Warden, Director at Arizona Department of Corrections; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted April 11, 2018**

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Sherman Terrell Pruitt, an Arizona state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Pruitt failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in the treatment of Pruitt's rectal pain, prostate pain, and skin conditions. *See id.* at 1057-60 (deliberate indifference is a high legal standard; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (delay in providing medical treatment does not constitute Eighth Amendment violation unless delay was harmful).

The district court did not abuse its discretion in disregarding Pruitt's unauthorized filings. *See* D. Ariz. Loc. R. 7.2; *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) (broad deference is given to a district court's management of litigation and interpretation of its local rules); *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (setting forth standard of review).

The district court did not abuse its discretion in denying Pruitt's motion to appoint an expert witness because Pruitt failed to show that appointment of an expert was necessary. *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (setting forth standard of review).

The district court did not abuse its discretion in denying Pruitt's motion for appointment of counsel because Pruitt failed to demonstrate exceptional

circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**